**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DAVID TEAGUE, No. 05634-040,**

**Petitioner,**

**vs.**                                                        **NO. 13-cv-745-DRH**

**J. S. WALTON,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's application for a writ of habeas corpus, filed on July 25, 2013. Petitioner, an inmate in the United States Prison at Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the enhanced sentence imposed after his 2007 conviction in the Western District of Missouri (*United States v. Teague*, Case No. 06-cr-3042).  Petitioner entered an open plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  On September 7, 2007, he was sentenced to 180 months in prison as an armed career criminal, pursuant to 18 U.S.C. § 924(e)(1), because he had three prior qualifying felony convictions.  These included two burglary convictions and one for robbery.

Petitioner appealed, raising the issue that his prior convictions should not have been considered as "violent felonies" under § 924(e).[1]  The appellate court

_____

[1] Counsel raised this argument in the context of a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967).

concluded that the prior convictions for burglary and robbery were "violent felony" offenses and were properly used to enhance petitioner's sentence, affirming the judgment on February 17, 2009. *United States v. Teague*, 301 F. App'x 62 (8th Cir. 2009). The Supreme Court denied his petition for a writ of certiorari on May 4, 2009. *Teague v. United States*, 129 S. Ct. 2170 (2009).

Petitioner's timely collateral attack under 28 U.S.C. § 2255 was unsuccessful (W. D. Mo. Case No. 09-3292, filed August 3, 2009). He attempted to bring a successive § 2255 proceeding in 2012, but was denied leave to do so (W. D. Mo. Case No. 12-3450; 8th Cir. Case No. 12-3902). He now seeks relief from this Court, raising the same argument he sought to bring under § 2255 in the Eighth Circuit in Case No. 12-3902.

Petitioner argues herein that his armed-career-criminal enhanced sentence was improper, because none of the predicate felony offenses (two burglaries and a robbery) involved the use of a firearm on his part (Doc. 1, pp. 4-5, 7). He asserts that *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009), require that the element of use of a firearm must be present in any prior felony that is used to enhance a sentence under the Armed Career Criminal Act. Therefore, he is "actually innocent" of being an armed career criminal, and he is entitled to have his sentence reduced to a non-enhanced term.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts

provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.  A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991).  Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e).  28 U.S.C. § 2255(e).  The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy is "inadequate or ineffective." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012).

" 'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' " *Id.* (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).   In the case at bar, petitioner attempted to bring his claim in a successive § 2255 proceeding, but was denied leave to do so.   However, the fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy.   *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).   Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. Here, petitioner has made no such showing.   He could have raised this challenge to his sentence enhancement in his original § 2255 motion, as the Supreme Court opinions he relies upon had both been issued well before he filed that motion.[2]

Aside from petitioner's failure to demonstrate the inadequacy of the § 2255 procedure to address his claim, his argument fails on the merits.   Petitioner has misunderstood the precedents he relies upon herein, *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009), as well as the statute these cases interpret, 18 U.S.C. § 924(e).   Neither *Begay* nor *Chambers* held that a prior "violent felony" conviction must have involved the use of a firearm, in order for that conviction to serve as the basis for a later armed-

---

[2]   *Begay v. United States* was a 2008 case, and *Chambers v. United States* was issued in January 2009.   Petitioner filed his first § 2255 motion in August 2009.

career-criminal enhanced sentence.  To the contrary, these cases explain that for a prior conviction to be considered a "violent felony" for sentence enhancement under the "residual clause" of § 924(e), the crime must have included as an element "the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i); *Chambers*, 555 U.S. at 128; *Begay*, 553 U.S. at 141-42.  In addition, the crime of burglary is one of the violent felonies enumerated in 18 U.S.C.A. § 924(e)(2)(B)(ii), listing specific offenses that will be used to enhance a sentence under the Armed Career Criminal Act. Perhaps the source of petitioner's confusion is the statutory provision that an offense committed as a *juvenile* will be considered a "violent felony" for armed-career-criminal enhancement, if it was an "act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term [exceeding one year] if committed by an adult."  18 U.S.C. § 924(e)(2)(B).  This weapon provision does not apply to an adult felony conviction.

For the above reasons, the instant § 2241 action shall be dismissed.

Finally, whether petitioner may be eligible for any early release or different placement due to his advanced age and health problems (Doc. 1, p. 7) is up to the sound discretion of the Bureau of Prisons.

**<u>Filing Fee</u>**

On August 13, 2013, petitioner's motion for leave to proceed *in forma pauperis* was denied (Doc. 6).  He was ordered to pay the $5.00 filing fee for this

action no later than September 12, 2013.  The dismissal of this action does not affect petitioner's obligation to pay the filing fee, and this deadline still stands.  A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch,* 133 F.3d 464, 467-68 (7th Cir. 1998).  If petitioner fails to meet this payment obligation, he may be subject to sanctions including a restriction on filing future actions in this Court.

**Disposition**

To summarize, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport,* petitioner cannot raise these claims through a § 2241 petition.  *Davenport,* 147 F.3d 605 (7th Cir. 1998).  Further, his stated grounds for relief have no merit.  Accordingly, the petition is summarily **DISMISSED with prejudice.**

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $455.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. §

1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).   A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.   It is not necessary for petitioner to obtain a certificate of appealability.   *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Signed this 19th day of August, 2013.

Digitally signed by David R. Herndon
Date: 2013.08.19
11:32:24 -05'00'

**Chief Judge**
**United States District Court**